

## EMMET, MARVIN & MARTIN, LLP
### COUNSELLORS AT LAW

120 Broadway 32nd Floor
New York, New York 10271
212-238-3000

**www.emmetmarvin.com**

John Dellaportas
*Partner*
Tel: 212-238-3092
Fax: 212-238-3100  Fax (alt.) 212-406-6953
jdellaportas@emmetmarvin.com

November 8, 2021

<u>Via ECF</u>                                                    **\*\*Memorandum Endorsed Letter on Page 2\*\***

Honorable James J. Garrity, Jr.
U.S. Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      **RE:** *Piazza v. Sagi Genger, et al.*, **Adv. Pro. No. 21-01170 (JLG);**
          <u>*In re Orly Genger*, **Chapter 7 Case No. 19-13895 (JLG)**</u>

Dear Judge Garrity:

      This firm represents defendant Sagi Genger ("Defendant") in the above-referenced adversary proceeding. We write in response to the letter filed earlier this morning by Rocco Cavaliere, Esq., counsel for plaintiff Deborah Piazza, the Chapter 7 trustee's ("Trustee") seeking to transform the parties' pre-trial conference, currently scheduled for tomorrow at 11:00 AM, into a pre-motion conference on the Trustee's contemplated motion for summary judgment.

      Defendant respectfully requests that this Court adjourn tomorrow's conference to either December 9, 2021, when the Court will be hearing other matters related to the Orly Genger bankruptcy, or at an alternative date on which the Court is available.

      The reason for Defendant's request is two-fold. First, Defendant believes that it would be beneficial for the parties to meet and confer prior to any pre-motion conference with respect to summary judgment. Defendant believes that the parties' dispute can be resolved without burdening the Court with extensive summary judgment motion practice. In that regard, on October 10, 2021, Defendant offered to Trustee, that if her Rule 9019 motion were approved by the Court, Defendant would promptly withdraw the lien at issue, so that it does not present a barrier to consummation of her settlement agreement. *See* email correspondence and draft stipulation attached hereto as **Exhibit A**. Although the Trustee denied Defendant's proposal, Defendant continues to believe that our proposal forms a basis upon which a resolution can be had without extensive motion practice, and that an adjournment of tomorrow's conference will afford the parties time to explore a resolution without delaying any other deadlines in this matter.

EMMET, MARVIN & MARTIN, LLP                                                                                                      2

      Second, I have an unavoidable and previously unexpected commitment at the time the conference is currently scheduled, and thus my colleague Ms. Swartz (who is relatively new to the case) would need to handle the matter in my absence.

      Defendant requested Plaintiff's consent for this adjournment, but did not hear back from him prior to the deadline to make this submission under Your Honor's Rules.

      We thank the Court for its time and attention to this matter.

                                          Sincerely,

                                          /s/ John Dellaportas

                                          John Dellaportas

cc:     All Counsel of Record (via ECF)


**Memorandum Endorsed Order**

      The Court having considered the relief requested by the Trustee's counsel in his letters of November 8, 2021 [AP ECF Nos. 11 and 13] and the request for relief set forth herein, the Court Orders, as follows:

1. The pre-trial conference in this adversary proceeding is adjourned to December 9, 2021 at 2:00pm (ET).

2. The Trustee's request to file a motion for summary judgment by November 10, 2021 is denied.

**Dated:** November 8, 2021
      New York, NY

                                          /s/ *James L. Garrity, Jr.*
                                          Honorable James L. Garrity, Jr.
                                          U.S. Bankruptcy Judge

**From:** Rocco A. Cavaliere <rcavaliere@tarterkrinsky.com>
**Sent:** Wednesday, October 20, 2021 3:27 PM
**To:** John Dellaportas <JDellaportas@EMMETMARVIN.COM>
**Subject:** RE: Adv. Pro. No. 21–01170 (JLG)

John,

After further consideration of the homestead lien and the pending settlement motion and relevant law, and after consulting with the parties that have an interest in the homestead, I was not able to formulate an acceptable revised stipulation for your review at this time. Please file your answer tomorrow and once we evaluate your answer and affirmative defenses, if any, the Trustee hopes to be in a better position to propose to all the parties a consensual stipulation/order relating to, among other things, a prompt withdrawal of the lien. Thanks.

Rocco



**Rocco A. Cavaliere|Partner**
T: 212-216-1141|F: 212-216-8001
rcavaliere@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
1350 Broadway|New York|NY|10018
www.tarterkrinsky.com|LinkedIn
COVID-19 RESOURCE CENTER

**From:** John Dellaportas <JDellaportas@EMMETMARVIN.COM>
**Sent:** Thursday, October 14, 2021 4:32 PM
**To:** Rocco A. Cavaliere <rcavaliere@tarterkrinsky.com>
**Subject:** [EXT] Re: Adv. Pro. No. 21–01170 (JLG)

Ok

1

On: 14 October 2021 16:26,
"Rocco A. Cavaliere" <rcavaliere@tarterkrinsky.com> wrote:

John,

Took a quick glance and it needs some changes. I will work with the Trustee to see if we can propose any alternative language that could work and will be in touch.

Rocco

 **Rocco A. Cavaliere|Partner**
T: 212-216-1141|F: 212-216-8001
rcavaliere@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
1350 Broadway|New York|NY|10018
www.tarterkrinsky.com|LinkedIn
COVID-19 RESOURCE CENTER

**From:** John Dellaportas <JDellaportas@EMMETMARVIN.COM>
**Sent:** Sunday, October 10, 2021 4:48 PM
**To:** Rocco A. Cavaliere <rcavaliere@tarterkrinsky.com>
**Subject:** [EXT] Adv. Pro. No. 21–01170 (JLG)

Rocco, in your September 15, 2021 letter to the Court, and again in the teleconference with the Court on the morning of September 30, you indicated that the Trustee was looking for Sagi to commit to withdrawing the lien in the event that the Rule 9019 motion were granted, without regard to its finality (i.e. any appeal, etc.).  Sagi is willing to so stipulate.  Please find attached a proposed stipulation, and let me know your thoughts.  Thank you.  John


John Dellaportas
Co-Chair, Litigation Department
Emmet, Marvin & Martin, LLP
120 Broadway 32nd Floor
New York, NY 10271
Tel: 212-238-3092
Fax: 212-238-3100
Email: jdellaportas@emmetmarvin.com

Confidentiality Disclosure: The information in this email and in attachments is confidential and intended solely for the attention and use of the named addressee(s). This information may be subject to legal professional or other privilege or may otherwise be protected by work product immunity or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to and must not disclose, copy, distribute, or retain this message or any part of it.

Tarter Krinsky & Drogin is fully operational. All attorneys and staff have been and will continue to be working remotely and TKD has put measures in place to ensure our services continue uninterrupted. However, because of anticipated delays in receiving regular mail and other deliveries, please e-mail copies of anything you send by regular mail or delivery, including issuing remittances electronically, until further notice. Please contact Katrinia Soares at reception@tarterkrinsky.com or by phone at 212-216-8000 with any questions. Thank you in advance for your courtesies during these unprecedented times.

NOTE: If regular mailing or other specific transmission type is required by terms of a contract, order or statute, please comply with those obligations and transmit the materials by the means set forth in the agreement, order or statute as well as by email.

Confidentiality Disclosure: This information in this email and in attachments is confidential and intended solely for the attention and use of the named (addressee(s). This information may be subject to attorney/client privilege or may otherwise be protected by work product privilege or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to disclose, and must not disclose, copy, distribute, or retain this message or any part of it.

This email is an informal communication that is not meant to be legally binding upon the sender unless expressly noted to the contrary.

Tarter Krinsky & Drogin LLP, Attorneys-at-Law.

---

Tarter Krinsky & Drogin is fully operational. All attorneys and staff have been and will continue to be working remotely and TKD has put measures in place to ensure our services continue uninterrupted. However, because of anticipated delays in receiving regular mail and other deliveries, please e-mail copies of anything you send by regular mail or delivery, including issuing remittances electronically, until further notice. Please contact Katrinia Soares at reception@tarterkrinsky.com or by phone at 212-216-8000 with any questions. Thank you in advance for your courtesies during these unprecedented times.

NOTE: If regular mailing or other specific transmission type is required by terms of a contract, order or statute, please comply with those obligations and transmit the materials by the means set forth in the agreement, order or statute as well as by email.

Confidentiality Disclosure: This information in this email and in attachments is confidential and intended solely for the attention and use of the named (addressee(s). This information may be subject to attorney/client privilege or may otherwise be protected by work product privilege or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to disclose, and must not disclose, copy, distribute, or retain this message or any part of it.

This email is an informal communication that is not meant to be legally binding upon the sender unless expressly noted to the contrary.

Tarter Krinsky & Drogin LLP, Attorneys-at-Law.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* ORLY GENGER,<br><br>  Debtor. | Chapter 7<br><br>Case No. 19-13895 (JLG) |
| DEBORAH J. PIAZZA, as Successor CHAPTER 7 TRUSTEE, of the Bankruptcy Estate of Orly Genger,<br><br>  Plaintiff,<br><br>v.<br><br>SAGI GENGER,<br><br>  Defendant. | Adv. Pro. No. 21−01170 (JLG) |

## STIPULATION

**WHEREAS**, by Complaint dated July 11, 2021 filed in the above-named adversary proceeding (the "Complaint"), Deborah Piazza, Chapter 7 Trustee (the "Trustee"), commenced this action, seeking (a) a declaratory judgment, or, alternatively, (b) avoidance of a preferential transfer pursuant to sections 547(b) and 550(a) of title 11 of the United States Code (the "Bankruptcy Code"), and (c) disallowance of Defendant's claims pursuant to section 502(d) of the Bankruptcy Code, in each case relating to a judgment lien filed by Sagi Genger ("Sagi") in the State of Texas (hereinafter, the "Lien"),

**NOW, THEREFORE**, it is respectfully stipulated and agreed as follows:

1.   In the event that the Bankruptcy Court should grant the Trustee's Rule 9019 motion, Sagi shall immediately withdraw the Lien, without regard for any appeal, stay application, reargument motion or otherwise.

2. The Complaint shall be withdrawn, without prejudice. In the event that the Bankruptcy Court should deny the Trustee's Rule 9019 motion, the Trustee may, at her discretion, refile the Complaint in original or amended form, in which case the filing date of the refiled Complaint, for statute of limitations and all other purposes, shall be treated as if it were filed on July 11, 2011.

Dated: October ___, 2021
New York, NY

TARTER KRINSKY & DROGIN LLP

By: /s/ *DRAFT*
　　　Rocco Cavaliere
1350 Broadway
New York, New York 10018
Telephone: (212) 216-8000
Email: RCavaliere@TarterKrinsky.com

*Counsel to plaintiff Deborah J. Piazza, as Successor Chapter 7 Trustee of the Bankruptcy Estate of Orly Genger.*


EMMET, MARVIN & MARTIN LLP

By: /s/ *DRAFT*
　　　John Dellaportas
　　　Thomas A. Pitta
　　　Judith Lynn Swartz
120 Broadway, 32nd Floor
New York, New York 10271
Telephone: (212) 238-3092
Email: jdellaportas@emmetmarvin.com
　　　tpitta@emmetmarvin.com
　　　jswartz@emmetmarvin.com

*Counsel to defendant Sagi Genger*