| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT | | NOT FOR PUBLICATION |
| SOUTHERN DISTRICT OF NEW YORK | | |

------------------------------------------------------------x
In re:                                                           :    Chapter 7
    Orly Genger,                                              :
                                                         Debtor.    :    Case No. 19-13895 (JLG)
------------------------------------------------------------x
Deborah J. Piazza, as Successor Chapter 7       :
Trustee of the Bankruptcy Estate of Orly Genger, :
                                                         Plaintiff,    :
                                                                            :    Adv. P. No.: 21-01170 (JLG)
v.                                                                 :
Sagi Genger,                                                  :
                                                          Defendant.    :
------------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER
## GRANTING ERIC HERSCHMANN'S MOTION TO INTERVENE

**A P P E A R A N C E S :**

Emmet, Marvin & Martin, LLP
*Attorneys for Defendant*
120 Broadway
New York, NY 10271
By:    John Dellaportas


Eric Herschmann
*Appearing Pro Se*
210 Lavaca Street, #1903
Austin TX 78701

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## INTRODUCTION[1]

Orly Genger ("Orly") is a chapter 7 debtor herein. Prior to the Petition Date, Eric Herschmann ("Herschmann"), Orly's husband, gifted her an undivided one-half interest in a condominium located at 210 Lavaca Street, Unit 1903, Austin, Texas 78701 (the "Condo"), exclusive of any parking or storage units associated with the Condo (the "Condo Interest"). Thereafter, Sagi Genger ("Sagi"), Orly's brother, obtained a Judgment against Orly. His counsel purported to register the Judgement in Texas by filing the Abstract of Judgement and the Dellaportas Affidavit in the real property records of Travis County, Texas, purportedly causing a lien (the "Lien") to attach to the Condo Interest (the "Lien Transfer").

The Trustee contends that Sagi failed to domesticate the Judgment in Texas. In this adversary proceeding (the "Adversary Proceeding"), the Trustee seeks a declaratory judgment finding that in filing the Abstract of Judgment, Judgment and/or Dellaportas Affidavit in the Travis County land records, Sagi did not cause a valid lien to attach to the Condo Interest. Alternatively, she seeks to avoid the Lien Transfer under section 547(b) of the Bankruptcy Code, and to recover it under section 550(a)(1) of the Bankruptcy Code. The Trustee also seeks to disallow certain of Sagi's claims under section 502(d) of the Bankruptcy Code.

The matter before the Court is Herschmann's motion to intervene as a plaintiff in this Adversary Proceeding pursuant to Rule 24 of the Federal Rules of Civil Procedure ("Rule 24"), made applicable to this proceeding under Rule 7024 of the Federal Rules of Bankruptcy Procedure

---

[1] Capitalized terms shall have the meanings ascribed to them herein, or in the Complaint.

2

(the "Motion").² The Trustee did not respond to the Motion. Sagi filed a response in opposition to the Motion (the "Response").³ Herschmann filed a reply in further support of the Motion (the "Reply").⁴

The Court heard arguments on the Motion. For the reasons set forth herein, the Court grants the Motion.

## JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

## BACKGROUND

On July 12, 2019 (the "Petition Date"), Orly commenced her voluntary case under chapter 7 of the Bankruptcy Code (the "Chapter 7 Case") in the United States Bankruptcy Court for the Western District of Texas (the "Texas Bankruptcy Court"). By order of the Texas Bankruptcy Court, the case was transferred to this Court.⁵ Deborah J. Piazza (the "Trustee") is the successor chapter 7 trustee, and the legal representative of Orly's bankruptcy estate. The Trustee initiated this Adversary Proceeding against Sagi by filing a complaint in this Court (the "Complaint").⁶

---

² *Eric Herschmann's Motion to Intervene*, AP-ECF No. 19. This Adversary Proceeding arises in Orly's Chapter 7 Case. *See* Case No. 19-13895. References to "ECF No. __" are to documents filed on the electronic docket of the Chapter 7 Case. References to "AP ECF No. __" are to documents filed on the electronic docket of this Adversary Proceeding.

³ *Defendant Sagi Genger's Response in Opposition to Eric Herschmann's Motion to Intervene*, AP ECF No. 21.

⁴ *Eric Herschmann's Reply in Further Support of His Motion to Intervene*, AP ECF No. 22.

⁵ *See Order Transferring Case*, ECF No. 168.

⁶ *Complaint,* AP ECF No. 1.

3

In the Complaint, the Trustee asserts that "by virtue of a gift from [Herschmann] in 2016," Orly "is the owner of a one-half undivided interest" in the Condo. Complaint ¶ 9. The Trustee contends that in August 2018, a "Judgment in a Third-Party Action" (the "Judgment") was rendered against Orly and in favor of Sagi, in a third party action pending in the United States District Court for the Southern District of New York. *Id.* ¶ 10.[7] She maintains that on September 21, 2018, Sagi filed an "abstract of judgment" arising from the Judgment (the "Abstract of Judgment"), and his counsel, John Dellaportas, filed the "Affidavit of John Dellaportas" (the "Dellaportas Affidavit"), in the real property records of the County Clerk of Travis County, Texas. *Id.* ¶¶ 10-11. Pursuant to the Dellaportas Affidavit, Sagi purported to register his Judgement against Orly. *Id.* ¶ 12.

The Trustee contends, "[u]pon information and belief, [Sagi] filed the Judgment, Abstract of Judgment, and Dellaportas Affidavit in the real property records of the County Clerk of Travis County, Texas, in an attempt to domesticate the Judgment in Texas, where the Condo is located, and/or to create a lien on the assets of the Debtor, including the Condo Interest." Complaint ¶ 17; *see also id.* ¶ 54 ("On September 21, 2018 . . . Defendant filed the Abstract of Judgment, Judgment, and Dellaportas Affidavit in the real property records of the County Clerk of Travis County, Texas, purportedly causing a lien to attach to the Condo Interest . . . .").

In Count One of the Complaint, the Trustee seeks a declaratory judgment. The Trustee contends that Sagi (i) did not properly domesticate the Judgement, Complaint ¶¶ 24-32, (ii) did not register the Judgement in Texas, *id.* ¶¶ 33-35, and (iii) did not obtain a federal court clerk's certificate of judgment rendered in Texas, *id.* ¶¶ 36-37. She asserts that Sagi's attempt to create a

---

[7] That action is styled *Dalia Genger, Plaintiff v. Sagi Genger, Defendant/Third Party Plaintiff and Orly Genger, Third-Party Defendant*, Case No. 1:17-cv-8181.

4

valid judgment lien in Texas is a nullity. *Id.* ¶¶ 38-45. The Trustee also contends that "[u]nder Texas law, a judgment lien cannot attach to a person's homestead, and the homestead cannot be sold at an execution sale unless and until the homestead status ceases." *Id.* ¶ 46. She maintains that "[t]he Condo constitutes [Orly's] homestead, and such homestead status has not ceased." *Id.* ¶ 47. She contends that "[a]n actual and justiciable controversy and dispute exists between the Trustee and [Sagi] concerning [Sagi's] purported lien on the Debtor's Condo Interest." *Id.* ¶ 48. She seeks "a declaratory judgment that [Sagi] failed to establish any lien on the Condo Interest prior to the Petition Date, and that no such lien exists or is enforceable." *Id.* ¶ 49.

In Count Two of the Complaint, the Trustee asserts, in the alternative, that if a valid lien attached to the Debtor's Condo Interest, such lien constitutes a preferential transfer of the Debtor's property for the benefit of Sagi. Complaint ¶¶ 50-60. The Trustee alleges that the Lien Transfer constitutes an avoidable preference, and that she is entitled to an order and judgment avoiding and recovering the Lien Transfer under sections 547(b) and 550(a)(1) of the Bankruptcy Code, respectively. *Id.* ¶ 61.

In Count Three, the Trustee asserts that Sagi filed a Proof of Claim in the Chapter 7 Case asserting a claim of $12,917,466, comprised of an (i) alleged secured claim in the amount of $3,219,698, and an (ii) alleged unsecured claim in the amount of $9,697,768. Complaint ¶ 63. She maintains that until such time as Sagi voluntarily releases the Lien Transfer or such Lien Transfer is avoided under section 547 and recovered under section 550, of the Bankruptcy Code, the Proof of Claim, and any other claim of Sagi, whether now or subsequently amended or asserted, are subject to mandatory disallowance pursuant to section 502(d) of the Bankruptcy Code. *Id.* ¶¶ 62-66.

5

## THE MOTION

Herschmann contends that the Court should grant him leave to intervene as a plaintiff in the Adversary Proceeding as a matter of right under Rule 24(a)(2). He says that is so because (i) he timely filed the Motion, (ii) he has an "interest relating to" the Condo, namely a one-half ownership interest, which he says serves as his statutorily protected homestead, and (iii) he will be prejudiced if he is prevented from intervening because this adversary proceeding has the potential to impair or impede his ability to address the Lien himself in order to protect his interest in the Condo. Motion ¶¶ 7-9.

Alternatively, he argues that the Court should permit him to intervene under Rule 24(b) because he has a "claim or defense that shares with [this adversary proceeding] a common question of law or fact." *Id.* ¶ 10 (quoting Rule 24(b)(1)(B)). He asserts that he shares the same claims set forth in the allegations contained in paragraphs 1 through 49 of the Complaint, including Count One for Declaratory Judgment and the corresponding portion of the prayer for relief—which he purports to adopt and incorporate in the Motion. *Id.* ¶ 11. He also maintains that his intervention will not unduly delay the Adversary Proceeding or prejudice the rights of either the Trustee or Sagi, as the relief he seeks overlaps entirely with that which the Trustee is seeking. *Id.* Finally, he says that the Condo has been his legally protected homestead for years, and as such, he has a unique, personal, and highly relevant factual perspective related to this dispute. *Id.*

The Court considers those matters below.

## ANALYSIS

Rule 24 governs motions to intervene. Rule 24(a) addresses intervention as of right, Rule 24(b) addresses permissive intervention, and Rule 24(c) imposes procedural requirements on motions to intervene. "The applicant bears the burden of demonstrating that it meets the

6

requirements for intervention." *Floyd v. City of New York*, 302 F.R.D. 69, 83 (S.D.N.Y. 2014) (citing *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978)), *aff'd*, 770 F.3d 1051 (2d Cir. 2014) (per curiam).

Rule 24(c) requires that motions to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c);[8] *see also In re Lehman Bros. Holdings Inc.*, 697 F.3d 74, 76 (2d Cir. 2012) ("Rule 24(c) of the Federal Rules of Civil Procedure . . . requires an intervention motion to be accompanied by a proposed pleading."). Herschmann did not submit a pleading in support of the Motion. Rather, he adopts and incorporates the allegations in paragraphs 1 through 49 of the Complaint, and the prayer for relief in Count One of the Complaint. Motion ¶ 11.

In this Circuit, "[c]ourts . . . have held that Rule 24(c) permits a 'degree of flexibility with technical requirements' and have dispensed with the pleading requirement when the proposed intervenors position is 'clearly articulated' in its motion papers." *Barry's Cut Rate Stores Inc. v. Visa, Inc.,* No. 05-MD-1720, 2021 WL 2646349, at * 13 (E.D.N.Y. Jun. 28, 2021) (citing *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, No. 12-CV-00196, 2017 WL 9400673, at *8 n.4 (N.D.N.Y. Jan. 6, 2017); *see also Tachiona ex rel. Tachiona v. Mugabe*, 186 F. Supp. 2d 383, 393 n.8 (S.D.N.Y. 2002) ("In general, Rule 24(c) requires the submission of a formal motion and supplemental pleadings in order to trigger the motion. Where, however, the position of the movant

---

[8] Rule 24(c) states, as follows:

> Notice and Pleading Required. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

Fed. R. Civ. P. 24(c).

7

is apparent from other filings and where the opposing party will not be prejudiced, Rule 24(c) permits a degree of flexibility with technical requirements.").

Herschmann did not submit a pleading in support of the Motion. He says that he satisfies Rule 24(c) because he adopts the allegations in the Complaint as his own, and seeks relief under Count One of the Complaint. Motion ¶ 11, n.2. Sagi does not challenge Herschmann's compliance with Rule 24(c). The Court finds that because he adopts these allegations and the claim in the Complaint, and has clearly articulated his position in the Motion, by service of the Motion on all parties to this proceeding, he has satisfied the requirements set forth in Rule 24(c). *See In re Endo Int'l plc,* Adv. P. No. 23-07007, 2023 WL 3260141 at *5 (Bankr. S.D.N.Y. May 4, 2023) ("Where . . . the position of the movant is apparent from other filings and where the opposing party will not be prejudiced, Rule 24(c) permits a degree of flexibility with technical requirements" of the Rule, which mentions the filing of a pleading alongside a motion to intervene.).

**Intervention As of Right**

As relevant, Rule 24(a) states:

> On timely motion, the court must permit anyone to intervene who: . . .
>
> > (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). "For intervention as of right under Rule 24(a)(2), the moving party must show: (1) the application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may practically impair the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest." *Kamden-Ouaffo v. Pepsico*, 314 F.R.D. 130, 134 (S.D.N.Y. 2016) (citations omitted).

8

"The inquiry under Rule 24 (a)(2) is a flexible one and the factors should 'be read not discretely, but together.'" *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 550 B.R. 241, 248 (Bankr. S.D.N.Y. 2016) ("*Madoff*") (internal citation omitted) (quoting *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 983 (2d Cir.1984)). "A showing that a very strong interest exists may warrant intervention upon a lesser showing of impairment or inadequacy of representation. Similarly, where representation is clearly inadequate, a lesser interest may suffice as a basis for granting intervention. Nevertheless, the movant must make some showing as to each element because the '[f]ailure to satisfy any one of these requirements is sufficient grounds to deny the application.'" *Id.* (quoting *United States v. New York*, 820 F.2d 554, 556 (2d Cir. 1987)).

Herschmann timely filed the Motion and Sagi does not argue otherwise. Sagi objects to Herschmann's request to intervene as of right as a plaintiff in the Adversary Proceeding solely on the ground that he does not "claim an interest relating to the property or transaction that is the subject of the action." Response ¶ 2. Sagi says that the Complaint is clear that the Condo Interest is the one property interest at issue in the Adversary Proceeding, *see id.* ¶ 4 (citing Complaint ¶ 9), and that the filing of the Abstract of Judgment, is the one transaction is at issue in this proceeding, *id.* (citing Complaint ¶¶ 10, 17).

Sagi argues that because, by his own admission Herschmann has adopted all of the allegations in the Complaint, he has no interest in the Condo Interest that is the sole subject of the Lien. Response ¶ 5. Rather, Herschmann claims a separate one-half undivided interest in the Condo, which Herschmann says is his homestead. *Id*. Sagi contends that, as alleged in the Complaint, the Lien applies only to the Debtor's Condo Interest. *Id.* ¶ 8. He says whether or not Herschmann's homestead interest exists is thus not an issue being litigated in this case. *Id.* ¶ 9. He

9

asserts that because Herschmann has no interest in the Condo Interest, there can be no intervention as of right. *Id*.

In his Reply, Herschmann complains that Sagi falsely asserts that the only property at issue in the Complaint is the Condo Interest—i.e., what Herschmann describes as "Orly's partial interest in the Condo." Reply ¶ 3. He contends that "the [L]ien is aimed at encumbering the entirety of the Condo, including my interest therein, as reflected in the affidavit Dellaportas filed in Travis County, Texas to substantiate the 'abstract of judgment.'" *Id*. (citation omitted). He says that "[t]he Dellaportas [A]ffidavit does not limit the lien to Orly's partial interest." *Id.* From that, he concludes that "Sagi's purported—though . . . defective—lien thus encumbers the entirety of the Condo, not merely Orly's one-half undivided (exclusive of any parking or storage units) interest therein, which I gifted to her around the time of our marriage in 2016." *Id.* ¶ 4.[9] However, the Dellaportas Affidavit does not speak to the reach of the Lien; it does not address the Lien at all.[10] Moreover, in her Complaint, the Trustee seeks relief only as to the Condo Interest. *See, e.g.,* Complaint at 14

---

[9] Herschmann further explains:

> The other one-half undivided interest in the Condo is mine alone, and so are the parking and storage units appurtenant to the Condo as well as all furnishings and fixtures in the Condo. The Condo is my homestead protected primary residence, and I have lived there with my children for almost 15 years.

Reply ¶ 4.

[10] The Dellaportas Affidavit is a two-paragraph document that reads, as follows:

> 1. I am an attorney admitted to practice law in the State of New York, and counsel to the Judgment Creditor, Sagi Genger in the action styled *Genger v. Genger*, Index No. 1:17cv8181 which is pending before the U.S. District Court for the Southern District of New York. I respectfully submit this affidavit pursuant to the Texas Uniform Enforcement of Judgments Act, Civil Practice and Remedies Code section 35.001 et seq in order to register the Judgment Creditor's Judgement against the Judgment Debtor, Orly Genger, in the amount of $3,219,698 with the Clerk of Travis County, Texas.
>
> 2. The current post officer [sic] address of the Judgment Creditor is Sagi Genger, 751 Weed Street, New Canaan, CT 06840. The last known address of the Judgment Debtor is Orly Genger, Rokah Shim'on St., 35 Tel Aviv, Israel 65148.

Dellaportas Affidavit.

10

(describing the relief sought in Count One as "a declaratory judgment finding that Defendant created no valid lien on the Condo Interest by filing the Abstract of Judgment, Judgment, and/or Dellaportas Affidavit in the real property records of Travis County, Texas, and/or by filing any other documents.").

"The 'interest' required by Rule 24(a)(2) has never been defined with particular precision . . . ." *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.,* 69 F.3d 1377, 1380 (7th Cir.1995). However, it is settled that Rule 24(a)(2) "does not require that the intervenor prove a property right, whether in the constitutional or any other sense." *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 130 (2d Cir. 2001) (internal quotation marks omitted). It is enough to allege "an interest relating to the property or transaction which is the subject of the action." *Id.* (quoting Rule 24(a)(2)). The Court finds that Herschmann has demonstrate that he holds an interest in the matters at issue in Count One of the Complaint.

Under Texas law, "[w]hen an abstract of judgment is recorded and indexed it constitutes a lien and attaches to any real property owned by the defendant that is not exempt." *Hankins v. Harris*, 500 S.W.3d 140, 144 (Tex. App. 2016); *see also E.E.O.C. v. Serv. Temps, Inc.*, 782 F. Supp. 2d 288, 290 (N.D. Tex. 2011) ("[A] first or subsequent abstract of judgment . . . constitutes a lien on and attaches to any real property of the defendant . . . that is located in the county in which the abstract is recorded and indexed . . . ." (internal quotation marks omitted) (quoting Tex. Prop. Code Ann. § 52.001)). "If the lien attaches, the lienholder may acquire an interest no greater than that held by the judgment debtor." *Hankins*, 500 S.W.3d at 145. "An abstracted judgment creates a lien only on the property of the judgment debtor . . . ." *Stewart Title Co. v. Huddleston,* 598 S.W.2d 321, 323 (Tex. Civ. App.), *writ refused NRE*, 608 S.W.2d 611 (Tex. 1980). A conveyance of property from one spouse to another is presumed to be a conveyance of separate

11

property to the spouse. *Raymond v. Raymond*, 190 S.W.3d 77, 81 (Tex. App. 2005) ("When there has been a conveyance of property by one spouse to another and a delivery of the deed, the presumption exists that it was the intention of the grantor spouse to make the property the separate property of the grantee spouse and in the absence of fraud, accident or mistake, such conveyance cannot be disturbed."). Accordingly, for these purposes, the Court assumes that the Lien can only attach to the Condo Interest, gifted from Herschmann to Orly. However, the Lien will be a cloud on Herschmann's title to his undivided one-half interest in the Condo. *Hibernia Energy III, LLC v. Ferae Naturae, LLC*, 668 S.W.3d 745, 761 (Tex. App. 2022) ("The purpose of an abstract of judgment is to create a lien against the debtor's property and to provide notice to subsequent purchasers and encumbrancers of the existence of the judgment and the lien."). The Court finds that Herschmann has demonstrated that he has an interest in the resolution of Count One of the Complaint. The Court finds that Herschmann has demonstrated that his ability to protect his interest in the Condo will be impaired if he is not granted leave to intervene in the Adversary Proceeding.

The Court also finds that Herschmann's ability to protect that interest is not adequately protected by the Trustee. Here, that factor does not speak to the competency of the Trustee or her counsel. In this Circuit, "the burden to demonstrate inadequacy of representation is generally speaking 'minimal,' . . . a more rigorous showing of inadequacy [is required] in cases where the putative intervenor and a named party have the same ultimate objective." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001) (citations omitted). "Courts have held that asymmetry in the intensity of the interest can prevent a named party from representing the interests of the absentee." *Madoff*, 550 B.R. at 253–54 (quoting *Glancy v. Taubman Ctrs., Inc.,* 373 F.3d 656, 675 (6th Cir. 2004)). Here, there is an asymmetry in the interests of Trustee, the named party,

12

and Herschmann. The Trustee is a Court-appointed fiduciary who is tasked with liquidating estate assets. *Brandt v. Hongkong and Shanghai Banking Corp. (In re China Fishery Grp. Ltd. (Cayman)*, No. 16-11895, 2018 WL 6824074, at *4 (Bankr. S.D.N.Y. Dec. 27, 2018). The Trustee's duty is "'to maximize the value of the estate,' and [her] fiduciary duty 'runs to the . . . creditors.'" *Id.* (quoting *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355 (1985)). Herschmann states that the relief he is seeking "overlaps entirely with that which the Trustee" seeks, Motion ¶ 7, however, that alone does not mean that his interests are adequately protected. Herschmann correctly observes that "the [Trustee] represents only the interests of the debtor's estate as opposed to my interests individually." *Id.* ¶ 9. The Trustee may find it prudent and an exercise of her fiduciary duty to resolve the Adversary Proceeding without determining whether Sagi properly domesticated the Judgment. Herschmann plainly would be adversely affected by such an outcome. Herschmann has shown that his interests in the Adversary Proceeding are not adequately protected.

The Court finds that Herschmann may intervene in the Adversary Proceeding as of right under Rule 24(a)(2).

**Permissive Intervention**

Alternatively, the Court finds that Herschmann has demonstrated grounds for permissive intervention under Rule 24(b)(1)(B). Under that rule, the Court may permit intervention for a party who makes a "timely motion" and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is "within the court's broad discretion." *In re Payment Card Interchange Fee and Merchant Antitrust Litigation*, No. 05-MD-1720, 2024 WL 4673877 (E.D.N.Y. Nov. 5, 2024) (quoting *Dorsett v. Cnty. of Nassau*, 289 F.R.D. 54, 70 (E.D.N.Y. 2012)). "In addition to the Rule 24(a)(2) factors,

13

'the court must consider whether permissive intervention will unduly delay or prejudice the adjudication of the original parties' rights.'" *Id*. (quoting *Sylla v. Amazon Lab. Union*, No. 23-CV-05261, 2024 WL 2079601, at *4 (E.D.N.Y. May 9, 2024) (cleaned up) (quoting Fed. R. Civ. P. 24(b)(3)); *see also Citizens for an Orderly Energy Policy, Inc. v. Suffolk County*, 101 F.R.D. 497, 502 (E.D.N.Y. 1984) ("It is well-settled that the principal consideration in either granting or denying an application for permissive intervention is 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" (quoting *United States Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978))).

Herschmann adopts the allegations in paragraphs 1-49 of the Complaint as his own and asks for the relief that the Trustee is seeking in Count One. Motion ¶ 11. As such, he plainly shares common questions of fact and law with the Complaint. *See, e.g., Jones v. Stanford,* 525 F. Supp. 3d 420, 423 (E.D.N.Y. 2021) (noting that the proposed intervenor's complaint "share[d] common questions of law and fact with the Amended Complaint" and there was "[no] expansion of the causes of action raised in the original complaint" and "any relief granted in the ongoing case would also apply to" the proposed intervenor). Sagi does not contend that permitting Herschmann to intervene in the Adversary Proceeding will unduly delay or prejudice the adjudication of the rights of the Trustee and Sagi. However, he asserts that by adopting the Trustee's pleadings, Herschmann purports to assert a claim to an interest in Orly's homestead, but that he is barred from doing so by federal bankruptcy law and Texas homestead law. Response ¶ 9 (citing *In re Kim*, 405 B.R. 179, 187-88 (Bankr. N.D.Tex. 2009) *aff'd sub nom. Chong Kim v. Odes Ho Kim*, No. 3:09-CV-1082-N, 2010 WL 11583180 (N.D. Tex. Aug. 11, 2010), *aff'd sub nom. In re Odes Ho Kim*, 748 F.3d 647 (5th Cir. 2014)).

14

The Court disagrees. In seeking to intervene in the Complaint, Herschmann is not asserting a claim to an interest in Orly's homestead. He is seeking relief calculated to protect his interest in the Condo. Herschmann's interest does not arise from Orly's potential homestead exemption, but rather from his ownership of a one-half undivided interest in the Condo that would be impaired by the disposition of the action.

The Court finds that Herschmann may intervene in the Adversary Proceeding permissively under Rule 24(b)(1)(B).

## CONCLUSION

For the foregoing reasons, the Court grants the Motion to the extent set forth herein.

IT IS SO ORDERED.

Dated: December 30, 2024
New York, New York

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.
U.S. Bankruptcy Judge